IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03397-BNB

DEMETRIUS FREEMAN,

    Plaintiff,

v.

ALICIA VINEYARD, MLP,
FEDERAL BUREAU OF PRISONS, and
100 JOHN AND JANE DOES,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Demetrius Freeman, is in the custody of the Federal Bureau of Prisons at USP-Beaumont, Texas. He has filed, *pro se*, a Prisoner Complaint alleging deprivations of his constitutional rights while he was incarcerated at FCI-Florence, Colorado, pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983.[1]  Mr. Freeman has been granted leave to proceed without prepayment of the filing fee pursuant to 28 U.S.C. § 1915.

The Court must construe the Complaint liberally because Mr. Freeman is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. The Court has reviewed the complaint and has determined that it is deficient. For the reasons discussed below,

---

[1] Mr. Freeman filed a previous action against Defendant Vineyard in which he raised substantially similar claims. *See* Case No. 10-cv-02690-MSK-CBS, at ECF No. 74. The prior action was dismissed without prejudice for failure to exhaust administrative remedies. *See id.* at ECF No. 258.

Mr. Freeman will be ordered to file an amended complaint.

Mr. Freeman asserts that from 2007 to 2012, while he was incarcerated at FCI-Florence, Colorado, he was subjected to deliberate indifference by the Federal Bureau of Prisons and Defendant Vineyard.  He alleges that he has a sickle cell condition of which he notified Defendant Vineyard on December 9, 2009, but she refused to provide Plaintiff with any treatment.  Mr. Freeman alleges that between December 9 and 29, 2009, he lost thirty pounds.  Plaintiff further alleges that because of the lack of medical treatment, he suffered a ruptured spleen which required surgery that resulted in damage to his appendix.  Following surgery, Plaintiff was not transferred to a low altitude facility, and over the next three years he "had several more medical complications which were all sickle cell related." (ECF No. 1, at 3).  Mr. Freeman alleges that during this three-year period, he was denied adequate medical care for his sickle cell condition by Defendant Vineyard.  He seeks monetary relief and requests his  immediate release from federal custody.

The Complaint is deficient because the Federal Bureau of Prisons enjoys sovereign immunity against Plaintiff's claims for damages.  *See F.D.I.C. v. Meyer,* 510 U.S. 471, 475, 485-86 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit" and the federal government has not waived its immunity for *Bivens* actions).

Furthermore, Mr. Freeman's request for immediate release is cognizable only in a habeas corpus action.  *See Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973) ("The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal

custody.").

Finally, Mr. Freeman may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Freeman uses fictitious names he must provide sufficient information about each defendant so as to identify that individual for purposes of service. Plaintiff must also allege specific facts to show that the defendant was personally involved in a deprivation of his constitutional rights. *See Kite v. Kelly*, 546 F.2d 334, 338 (1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Supervisors can only be held liable for their own deliberate intentional acts. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Serna v. Colo. Dep't of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006) ("Supervisors are only liable under § 1983 [or *Bivens*] for their own culpable involvement in the violation of a person's constitutional rights."). Accordingly, it is

ORDERED that Plaintiff, Demetrius Freeman, file **within thirty (30) days from the date of this order,** an amended complaint that complies with the directives in this order. It is

FURTHER ORDERED that Mr. Freeman shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Freeman fails to file an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the Court may dismiss some of the claims and defendants without further notice for the reasons discussed above. It is

DATED March 11, 2014, at Denver, Colorado.

                                                                             BY THE COURT:

                                                         s/ Boyd N. Boland
                                                         United States Magistrate Judge