IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03397-BNB

DEMETRIUS FREEMAN,

    Plaintiff,

v.

ALICIA VINEYARD, MLP,
FEDERAL BUREAU OF PRISONS, and
100 JOHN AND JANE DOES,

    Defendants.

---

ORDER TO DISMISS IN PART AND TO ASSIGN CASE

---

    Plaintiff, Demetrius Freeman, is in the custody of the Federal Bureau of Prisons at USP-Beaumont, Texas. He has filed, *pro se*, a Prisoner Complaint alleging deprivations of his constitutional rights while he was incarcerated at FCI-Florence, Colorado, pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).[1]

    On March 11, 2014, Magistrate Judge Boland reviewed the Prisoner Complaint and determined that it was deficient because the Bureau of Prisons enjoys sovereign immunity from suit under *Bivens* and Plaintiff failed to allege facts to show that the John and Jane Doe defendants personally participated in a violation of his constitutional rights. Magistrate Judge Boland therefore ordered Plaintiff to file an amended complaint on the court-approved form within thirty (30) days. Plaintiff was warned that

---

[1] Mr. Freeman filed a previous action against Defendant Vineyard in which he raised substantially similar claims. *See* Case No. 10-cv-02690-MSK-CBS, at ECF No. 74. The prior action was dismissed without prejudice for failure to exhaust administrative remedies. *See id.* at ECF No. 258.

failure to file an amended complaint would result in dismissal of some the Defendants without further notice.

Mr. Freeman has been granted leave to proceed without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court must construe the Complaint liberally because Mr. Freeman is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. The Court has reviewed the Complaint and has determined that it is deficient. For the reasons discussed below, the Complaint will be dismissed, in part.

Mr. Freeman asserts that from 2007 through 2012, while he was incarcerated at FCI-Florence, Colorado, he was subjected to deliberate indifference to his serious medical needs by the Federal Bureau of Prisons and Defendant Vineyard. He alleges that he has a sickle cell condition of which he notified Defendant Vineyard on December 9, 2009, but she refused to provide Plaintiff with any treatment. Mr. Freeman alleges that between December 9 and 29, 2009, he lost thirty pounds. Plaintiff further alleges that because of the lack of medical treatment, he suffered a ruptured spleen, which required surgery that resulted in damage to his appendix. Following surgery, Plaintiff

was not transferred to a low altitude facility and, over the next three years, he "had several more medical complications which were all sickle cell related." (ECF No. 1, at 3).  Mr. Freeman alleges that during this three-year period, he was denied adequate medical care for his sickle cell condition by Defendant Vineyard.  He seeks monetary relief and requests his immediate release from federal custody.

Plaintiff was warned by Magistrate Judge Boland in the March 11, 2014 Order that the Federal Bureau of Prisons enjoys sovereign immunity against Plaintiff's claims for damages.  See F.D.I.C. v. Meyer, 510 U.S. 471, 475, 485-86 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit" and the federal government has not waived its immunity for *Bivens* actions).  Accordingly, the Federal Bureau of Prisons is an improper party to this action and will be dismissed.

Mr. Freeman's request for immediate release is cognizable only in a habeas corpus action.  See *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody.").

Finally, Mr. Freeman was advised by Magistrate Judge Boland in the March 11 Order that he may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights.  Plaintiff was further instructed that if he uses fictitious names he must provide sufficient information about each defendant so as to identify that individual for purposes of service.  In addition, Mr. Freeman was warned that an individual defendant may be held liable under *Bivens* only if the Plaintiff alleges specific facts to show that the defendant was personally involved

in a deprivation of Plaintiff's constitutional rights. *See Kite v. Kelly*, 546 F.2d 334, 338 (1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Supervisors can only be held liable for their own deliberate intentional acts. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Serna v. Colo. Dep't of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006) ("Supervisors are only liable under § 1983 [or *Bivens*] for their own culpable involvement in the violation of a person's constitutional rights."). Because Mr. Freeman failed to file an amended complaint to allege the personal participation of any of the "100 John and Jane Does" in a deprivation of his constitutional rights, those Defendants will be dismissed.

After review pursuant to D.C.COLO.LCivR 8.1(b), the Court has determined that Mr. Freeman's claims against Defendant Vineyard do not appear to be appropriate for summary dismissal and that the case should be assigned to Chief Judge Marcia S. Krieger and to Magistrate Judge Craig B. Shaffer, pursuant to D.C.COLO.LCivR 40.1(c)(1). *See* D.C.COLO.LCivR 8.1(c). Accordingly, it is

ORDERED that Defendants Federal Bureau of Prisons and the "100 John and Jane Does" are DISMISSED for the reasons discussed above. It is

FURTHER ORDERED that this case shall be assigned to Chief Judge Marcia S. Krieger and to Magistrate Judge Craig B. Shaffer, pursuant to D.C.COLO.LCivR 40.1(c)(1).

DATED at Denver, Colorado, this  18th  day of   April  , 2014.

BY THE COURT:

 s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court