**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Chief Judge Marcia S. Krieger**

**Civil Action No. 13-cv-03397-MSK-CBS**

**DEMETRIUS FREEMAN,**

      **Plaintiff,**

**v.**

**ALICIA VINEYARD, MLP,**

      **Defendant.**

---

**OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

---

      **THIS MATTER** comes before the Court on the Defendant Alicia Vineyard's Motion for

Summary Judgment (**#54**), Plaintiff Demetrius Freeman's Response (**#57**), and Ms. Vineyard's

Reply (**#58**).

**ISSUE PRESENTED**

      Mr. Freeman is a prisoner in the custody of the Federal Bureau of Prisons ("BOP"). At

the time of the events giving rise to his claim in this action, he was incarcerated at the Federal

Correctional Institution in Florence, Colorado ("FCI-Florence") at which the Defendant, Ms.

Vineyard was employed as a Mid-Level Practitioner and Physician's Assistant.  Mr. Freeman

alleges that Ms. Vineyard violated his Eighth Amendment right to be free from cruel and unusual

punishment by being deliberately indifferent to his medical needs in failing to provide him with

proper medical treatment.

      Ms. Vineyard moves for summary judgment, arguing that (1) Mr. Freeman failed to

exhaust the administrative remedies available to him as required by the Prison Litigation Reform

Act ("PLRA"), 42 U.S.C. § 1997e(a); and, in the alternative, (2) Mr. Freeman's claims are barred

by operation of the applicable statute of limitation.  This is the second action brought by Mr.

Freeman based on events that occurred in 2009.

## MATERIAL FACTS

For purposes of this motion, the Court construes all controverted evidence most favorably

to Mr. Freeman.[1]

### A.   The facts pertinent to this action

### 1.   The Event

The medical event occurred on December 7, 2009.  Mr. Freeman notified Ms. Vineyard

that he was having a sickle cell crisis, but Ms. Vineyard refused to provide pain medication and

failed to perform a blood test that would have demonstrated the emergency. This resulted in

surgical removal of Mr. Freeman's spleen. After the surgery, Ms. Vineyard then denied Mr.

Freeman access to rehabilitative equipment in contradiction of a surgeon's orders.

### 2.   The Administrative Remedy Process

As a BOP inmate, Mr. Freeman is required to complete a four-tiered administrative

remedy process prior to seeking judicial review. *See* 28 C.F.R. § 542.10–19.  Ordinarily, the first

level requires that an inmate seek informal resolution of his grievance with the staff of the

institution in which he is incarcerated. *See* 28 C.F.R. § 542.13. The second level requires the

inmate to submit a written Administrative Remedy Request to the institution's warden. *See* 28

C.F.R. § 542.14. If dissatisfied with the warden's response, an inmate may appeal to the

Regional Director as the third level. *See* 28 C.F.R. § 542.15(a). Alternatively, if "the issue is

sensitive and the inmate's safety or well-being would be placed in danger", an inmate may seek

---

[1]The Court is mindful of Mr. Freeman's *pro se* status, and accordingly, reads his pleadings and
filings liberally.  *See Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594 (1972); *see also*
*Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007).

review directly from the Regional Director, and bypass informal resolution or review from the warden, *See* 28 C.F.R. § 542.14(d)(1). The fourth and final level of the administrative review process regardless of the prior steps is an appeal of the Regional Director's determination to the General Counsel in the Central Office. *See id.*

While housed at FCI-Florence, Mr. Freeman made several requests in the administrative remedy process with regard to Ms. Vinyard's actions:

(1)   a request (BP-10) dated June 18, 2010 (designated **#594994-R1**) stating that he was being denied access to medical treatment.  This request was denied because Mr. Freeman failed to first attempt to informally resolve the problem (level one) and then appeal to the Warden (level 2).  Mr. Freeman appealed this denial (BP-11) on October 8, 2010 (designated **#594994-A1**).  The appeal was rejected because Mr. Freeman appealed at the wrong level and failed to seek formal resolution with the Warden by filing a BP-9.

(2)   a request (BP-9) dated July 28, 2010 to the Warden (designated **#600449-F1**), alleging that he had been denied proper treatment for his sickle cell condition and requesting a monetary award.  This was denied by the Warden on August 19, 2010.  No appeal was made.

(3)   a request (BP-10) dated August 23, 2010 alleging that Mr. Freeman was not being provided adequate medical care (designated **#604190-R1**).  This was rejected because Mr. Freeman did not attempt informal resolution and did not file a BP-9 with the Warden.

Mr. Freeman was transferred from FCI Florence on December 28, 2011.  Two years after his transfer he filed several requests and appeals regarding the treatment he received at FCI Florence:

(1) A "sensitive" level 3 request signed May 1, 2013, stating that he had previously filed a request at USP Victorville and that he was subjected to deliberate indifference by Ms. Vineyard while at FCI-Florence, which resulted in a splenectomy.

(2) A level 4 appeal signed May 31, 2013, stating that he was subjected to deliberate indifference by Ms. Vineyard at FCI-Florence and he suffered a ruptured spleen. It appears this is an appeal of the May 1, 2013 level 3 request.[2]

(3) A level 3 appeal dated June 10, 2013 (**#737712-R1**). This was rejected as untimely because it was received more than 20 days after the expiration of the deadline for filing an administrative remedy request. 28 C.F.R. § 542.14(a).

(4) A level 3 appeal dated September 27, 2013 (**#751901-R1**). This was rejected as untimely because it was received more than 20 days after the expiration of the deadline for filing an administrative remedy request. 28 C.F.R. § 542.14(a).

(5) A level 3 appeal dated February 20, 2014 (**#769334-R1**). A second level 3 appeal dated February 21, 2014 (**#76334-R2**). A third level 3 appeal dated April 4, 2014 (**#76334-R3**). These all were rejected as untimely because they were received more than 20 days after the expiration of the deadline for filing an administrative remedy request. 28 C.F.R. § 542.14(a).

---

[2] Based on the evidence submitted by the parties, it is unclear whether Mr. Freeman actually filed his May 1st and May 31st requests with the BOP. However, the Court resolves any doubt in favor of Mr. Freeman because the Court construes all evidence in the light most favorable to the non-moving party for purposes of summary judgment.

(6) Documentation of a level 1, informal grievance dated July 14, 2014, requesting to

receive a remedy form to appeal to the next level of the remedy process if the

previous level refuses to respond. Mr. Freeman filed a level 4 appeal on this issue on

October 7, 2014 (**#800538-A1**). The October 7, 2014 appeal was rejected because

Mr. Freeman did not proceed sequentially through levels 2 and 3.

## B.  The Previous Action

Mr. Freeman sued Ms. Vineyard in 2010 based on the same allegations alleging that she

was deliberately indifferent to his medical needs when he sought treatment for his sickle cell

condition in December 2009. *See Freeman v. Vineyard*, 10-cv-02690-MSK-CBS (D. Colo. 2010)

(*Freeman I*).

In *Freeman I*, Ms. Vineyard moved for summary judgment, arguing that that Mr.

Freeman failed to exhaust his administrative remedies based on the requests made by Mr.

Freeman while at FCI-Florence. The Court granted the motion finding that Mr. Freeman did not

demonstrate that he had exhausted his rights to administrative relief in a timely fashion.  The

decision focused on  Mr. Freeman's request **#594994-R1** made on June 18, 2010 and request

**#604190-R1** made on August 23, 2010.  As to **#594994-A1,** Mr. Freeman initiated an appeal of

the denial of on October 8, 2010 (designated **#594994-R1**). The appeal was untimely, however,

having been due on September 30, 2010.  As to **#604190-R1,** the parties disputed whether it

conformed to BOP requirements, but because denial of this request was not appealed, the Court

found that the administrative process was not exhausted

## STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if

no trial is necessary. *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995).

Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). Substantive law governs what facts are material and what issues must be determined. It also specifies the elements that must be proved for a given claim or defense, sets the standard of proof, and identifies the party with the burden of proof. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Kaiser– Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989). A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party. *See Anderson*, 477 U.S. at 248. When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

If the movant has the burden of proof on a claim or defense, the movant must establish every element of its claim or defense by sufficient, competent evidence. *See* Fed.R.Civ.P. 56(c)(1)(A). Once the moving party has met its burden, to avoid summary judgment the responding party must present sufficient, competent, contradictory evidence to establish a genuine factual dispute. *See Bacchus Indus., Inc. v. Arvin Indus., Inc.,* 939 F.2d 887, 891 (10th Cir. 1991); *Perry v. Woodward,* 199 F.3d 1126, 1131 (10th Cir. 1999). If there is a genuine dispute as to a material fact, a trial is required. If there is no genuine dispute as to any material fact, no trial is required. The court then applies the law to the undisputed facts and enters judgment.

## ANALYSIS

The PLRA requires a prisoner to exhaust available administrative remedies before bringing an action related to prison conditions. Exhaustion of administrative remedies is a

"precondition" to filing a lawsuit. *Fitzgerald v. Corrections Corp. of America*, 403 F.3d 1134, 1140 (10th Cir. 2005). To properly exhaust administrative remedies, a prisoner must "complete the administrative review process in accordance with the applicable procedural rules," which are defined "by the prison grievance process itself." *See Jones v. Bock,* 549 U.S. 199, 218 (2007). In other words, to fully exhaust the administrative procedure, an inmate must pursue the grievance through all available levels of the process, either by completing all available appeals or by obtaining the relief sought at any stage. *See Jernigan v. Stuchell,* 304 F.3d 1030, 1032 (10th Cir. 2002). Proper exhaustion requires compliance with an agency's deadlines and other procedural rules. *See Woodfood v. Ngo*, 548 U.S. 81, 90 (2006). Failure to satisfy the exhaustion requirement is an affirmative defense that a defendant must plead and prove. *Bock,* 549 U.S. at 216. However, the PLRA requires only that an inmate exhaust available remedies, and an inmate's failure to exhaust is excusable if the remedy becomes unavailable because of the action or inaction of prison officials. *See Little v. Jones* 607 F.3d 1245, 1250 (10th Cir. 2010).

Ms. Vineyard again asserts that Mr. Freeman did not complete the BOP's four-tiered administrative remedy process prior to initiating this action.  Mr. Freeman makes several arguments.  First, he argues that he satisfied the PLRA's exhaustion requirement with his October 8, 2010 (**#594994-A1**) appeal to the General Counsel's office. This is the same issue that the Court conclusively determined in *Freeman I.*  Because the appeal was untimely, the administrative process was not exhausted.  The doctrine of *collateral estoppel* prevents Mr. Freeman from re-raising the issue in this action.

Mr. Freeman next argues that after he was transferred from FCI Florence on December 28, 2011, he exhausted his administrative remedies with regard to several grievances. The first ia a "sensitive" level 3 request dated May 1, 2013.  The record is not clear as to the number of this

request or its outcome, but the Court assumes it was denied.  Mr. Freeman initiated a level-4

appeal to the Central Office on May 31, 2013. However, this appeal was untimely under the

BOP's procedural rules that required filing within "20 calendar days following the date on which

the basis for the Request occurred." *See* 28 C.F.R. § 542.14(a).  The parties dispute what the

relevant date is — Ms. Vineyard asserts it to be December 7, 2009 when Mr. Freeman initially

sought medical treatment, and Mr. Freeman asserts that it extended to December 28, 2011

because Ms. Vineyard's deliberate indifference did not end until he was transferred from FCI-

Florence.  The Court need not resolve such dispute, however, because according to the latest

date, December 28, 2011, the May 1, 2013 request was untimely.  And by similar reasoning, Mr.

Freeman's five subsequent level three requests[3] were also untimely.

Mr. Freeman sought informal resolution of another grievance on July 14, 2014, which he

appealed with a level 4 appeal to the Central Office on October 7, 2014 (**#800538-A1**). The

Central Office rejected this appeal on November 6, 2014 for being procedurally improper

because Mr. Freeman had failed to complete the prerequisite steps of the administrative remedy

process.  Even more importantly, however, neither the grievance nor the resulting appeal

mentions Ms. Vineyard or any claims against her. Accordingly, Mr. Freeman has failed to

present sufficient, competent evidence, which if taken as true, would establish that he exhausted

his administrative remedies before fining this action.

Finally, Mr. Freeman argues that the administrative remedy process was unavailable to

him because the BOP has an "unofficial custom" of refusing to provide an inmate with the next

sequential form in the administrative remedy process until after the inmate has been denied

review of the pending request.  In essence, he argues that he was deprived of the ability to

---

[3] These were dated June 10, 2013 (**#737712-R1**); September 27, 2013 (**#751901-R1**); February 20, 2014 (**#769334-R1**); February 20, 2014 (**#769334-R1**); February 21, 2014 (**#76334-R2**); April 4, 2014 (**#76334-R3**).

comply with the administrative process *because of* the inaction of prison officials. *Aquilar–*

*Avellaveda v. Terrell,* 478 F.3d 1223, 1225 (10th Cir. 2007).  Even if there was such a custom —

proof of which is not evident in this record — the Court cannot find that it caused Mr. Freeman's

default in grievances filed after his transfer from FCI-Florence.  As discussed above, after Mr.

Freeman was transferred from FCI-Florence, the earliest administrative remedy request related to

his claims against Ms. Vineyard was dated May 1, 2013.  This request was untimely, but there is

no showing that its untimeliness was due to not being provided an appropriate form in a timely

fashion.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion for Summary Judgment (**#54**) is

**GRANTED**. The Clerk shall enter judgment in favor of the Defendant and against the Plaintiff

on all claims and close this case.

Dated this 9th day of July, 2015.

**BY THE COURT:**

Marcia S. Krieger
Chief United States District Judge

9